UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:09 CR 39-5 |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| MICHAEL GREEN | ) | |
| | ) | |


This matter comes before the United States District Court Chief Judge for the District of South Carolina to determine whether any further action or inquiry is required arising from the Government's Notice filed under seal 31 December 2009. After reviewing all submissions by the parties, the court's record, and inquiring fully into this matter, with the consent of all parties, the Court finds as fact:

1.     This matter originally was assigned to District Court Judge Frank D. Whitney, who recused himself. The Chief Judge of the Western District of North Carolina, Robert J. Conrad, then assigned the matter to the Chief Judge Norton, District of South Carolina.

2.     Both Attorney Peter Crane Anderson and his client Michael Greene signed a discovery agreement in *United States v. Michael Greene* on 15 October 2009. Specifically, Mr. Anderson agreed to not disseminate discovery materials without express written consent of the United States Attorney Office. Mr. Anderson violated the discovery agreement on 13 November 2009 by providing copies of a limited number of documents to Mr. Greene who was detained in the Mecklenburg County Jail, without the Government's consent.

3.     On 16 November 2009, Mr. Anderson appeared before Judge Whitney and was permitted to withdraw from representing Mr. Greene. At the hearing, the defendant requested *pro se* that the Government provide discovery directly to him. Judge Whitney responded:

> They will not bring you discovery because discovery is not
> to be disseminated in the Mecklenburg County Jail for
> security reasons. So that there's [sic] not records of witness
> interviews being circulated in the Mecklenburg County Jail.

> So they will not bring you discovery. Your counsel, your
> standby counsel will come and show it to you through the
> window and where you can read it.

Mr. Anderson remained silent about his giving Mr. Greene copies of some discovery documents three days earlier.

      4.      Mr. Anderson acknowledges that providing the discovery to Mr. Greene violated the discovery agreement. The Government has recovered the material. Mr. Anderson has apologized to the Government for this incident and pledged no further infractions.

      5.      Mr. Anderson has acknowledged to the Court that he should have clarified and corrected the record when the discovery was discussed in court on 16 November 2009. Through this agreed Order, Mr. Anderson has now clarified and corrected the record, both to the Court and the Government. He has apologized to both the Court and the Government.

      The Court concludes as follows:

      1.      The Court has reviewed all submissions from the parties and transcripts of the 16 November 2009 hearing.

      2.      The Court has reviewed all documents and relevant facts.

      3.      The parties consent and agree that the entry of this Order resolves and settles the matter before this Court without the need for any further action, referrals, or sanctions.

      IT IS HEREBY ORDERED, with the consent of all parties, that the matter before this Court is hereby resolved without any further action, referrals, or sanctions, and that this Order shall be entered in the file and on the record of *United States v. Michael Greene*, 3:09CR39-5.

 

 

_____
Chief Judge, District of South Carolina

 

June 18, 2010