UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-00039-FDW

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MICHAEL GREENE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on two motions: (1) Defendant Michael Greene's *pro se* Motion for Inquiry of Counsel (Doc. No. 706); and (2) defense counsel's Motion for Appointment of Standby Counsel (Doc. No. 714). Based on all the pleadings filed in relation to this issue, the Court determines that both motions are ripe for ruling. In addition, Defendant sent a letter directly to the undersigned requesting an expedited ruling on the counsel issue.

On April 4, 2013, this Court appointed attorney James B. Craven, III, to represent Defendant in this matter, which has been remanded by the Fourth Circuit Court of Appeals. Mr. Craven represented Defendant in his case before the Fourth Circuit. Defendant now requests this Court terminate Mr. Craven's representation and instead appoint a new attorney. Defendant's motion specifically requests a federal defender be appointed and also names, as an alternative, an attorney on the Court's CJA panel. Defendant's motion, however, lacks any sufficient reason why Mr. Craven's representation should be terminated.

It is well-settled that "Because the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel. As a general rule, a defendant must show good cause in requesting a new appointed lawyer." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). Here, Defendant's arguments for new counsel do not

demonstrate good cause to appoint a new lawyer. See United States v. Gollick, 189 F. App'x 229, 231 (4th Cir. 2006) (unpublished) (denying pro se motion requesting new counsel where counsel had filed Anders brief and court was remanding for resentencing based on change in law and not for reasons stated in Anders brief).

Turning to defense counsel's motion, Mr. Craven indicates that Defendant has advised counsel of an intention to proceed *pro se* in this matter. Mr. Craven's assertion is based on a letter to him from Defendant and is not part of this record. Defendant has not clearly specified to this Court a desire to proceed *pro se*, and in fact, Defendant's pleadings requesting new appointed counsel indicate a contrary position. The Fourth Circuit has explained:

> A defendant has a Sixth amendment right to represent himself at trial. Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975). A defendant's assertion of his right of self-representation constitutes a waiver of his right to counsel, and must be (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir.2000).
>
> In this circuit, after a defendant has been represented at trial with counsel, his request to represent himself is within the discretion of the district court. United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir. 1997). Moreover, a defendant who wishes to proceed *pro se* does not have a right under Faretta to the assistance of an attorney as standby counsel or co-counsel. Id.

United States v. Ruhbayan, 369 F. App'x 497, 499 (4th Cir. 2010) (unpublished). "A trial court must be permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel." United States v. Frazier-El, 204 F.3d 553, 560 (4th Cir. 2000) (finding the defendant's dissatisfaction with his appointed counsel resulted from counsel's advice that the defendant's arguments were meritless and irrelevant; holding that "taking the record as a whole, we are satisfied that the district court was justified, when confronted with [the defendant's] vacillation between his request for substitute counsel and

his request for self-representation, in insisting that [the defendant] proceed with appointed counsel.").

Even construing the pleadings broadly as Defendant expressing an intention to proceed *pro se*, the Court denies such request. Defendant had an opportunity to proceed *pro se* at trial, and in fact, the Court permitted Defendant to do so with the assistance of standby counsel.[1] At trial, however, Defendant unequivocally withdrew his assertion of his right of self-representation when he spontaneously exited the courtroom in front of the jury during his cross-examination of a witness and refused to participate in the proceedings. The Court declines to give Defendant yet another opportunity of self-representation, particularly because the Court has ruled herein that no compelling reason exists to terminate Mr. Craven's representation.

IT IS THEREFORE ORDERED that Defendant's Motion for Inquiry of Counsel (Doc. No. 706) is DENIED, and defense counsel's Motion for Appointment of Standby Counsel (Doc. No. 714 is also DENIED.

IT IS SO ORDERED.

Signed: May 3, 2013

Frank D. Whitney
United States District Judge

---

[1] Standby counsel at trial was different than Mr. Craven, who was appointed to represent Defendant on appeal.