UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-00039-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL GREENE, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion to Unseal his Presentence Reports, (Doc. No. 960). In his motion, Defendant asks the Court to unseal his initial presentence report ("PSR") and second presentence report submitted before his 2013 resentencing so that an investigative journalist with the "USA TODAY/PROPUBLICA" may access the documents as part of their investigation into his case. (Doc. No. 960, p. 1).

"At baseline, PSRs and supervision records are presumptively confidential and are generally not subject to disclosure to third parties." United States v. Kennard, No. 1:19-CR-00074-JAW-2, 2021 WL 5304174, at *3 (D. Me. Nov. 15, 2021) (collecting cases). "[C]ourts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals." United States Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988) (collecting cases). Restrictions on access to presentence reports protect the confidentiality of the information contained in the report and promote open disclosure by third parties during preparation of the reports. Id. Thus, courts typically require "some showing of special need before they will allow a third party to obtain a copy of a presentence report." Id. The Fourth Circuit has held that "information contained in a presentence report should not be disclosed to third parties unless lifting

1

confidentiality is required to meet the ends of justice." <u>United States v. Figurski</u>, 545 F.2d 389, 391 (4th Cir. 1976); <u>see also United States v. Allen</u>, 716 F.3d 98, 104 (4th Cir. 2013) (explaining defendant seeking access to co-defendant's presentence report must "clearly specif[y] the information contained in the report that he expects will reveal exculpatory or impeachment evidence").

Here, Defendant has not established special or particularized need for unsealing his presentence reports beyond his speculative and blanket assertion that it may assist an unnamed investigative journalist. The Court also finds that disclosure of the foregoing sealed information to the public would not serve the interests of justice, particularly in light of Defendant's criminal history and the sensitive information contained in the sealed documents. Finally, it appears as though some of the information requested, particularly as it relates to arguments at sentencing and the state court judgment and commitment used in the Government's § 851 notice, is available in publicly filed documents in this case or in transcripts of his sentencing hearing. (<u>See</u> Doc. Nos. 587, 732, 944).

IT IS THEREFORE ORDERED that Defendant's Motion to Unseal his Presentence Reports, (Doc. No. 960), is DENIED. This ruling is WITHOUT PREJUDICE should the investigative journalist referenced in Defendant's pro se motion seek to file a motion supported by applicable law.

IT IS SO ORDERED.

Signed: March 21, 2023

Frank D. Whitney
United States District Judge